UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINSTOL USA, LLC, a Florida limited
liability company

       Plaintiff,

v.                                                       Case No:   2:18-cv-669-FtM-38CM

MIDWAY ADVANCED PRODUCTS,
LLC,

       Defendant.
_____/

**<u>ORDER</u>**[1]

This matter comes before the Court on *sua sponte* review of Plaintiff Linstol USA, LLC's Complaint. (Doc. 1). Linstol brings this three-count suit against Defendant Midway Advanced Products, LLC alleging fraudulent concealment, breach of contract, and breach of warranty. It pleads diversity jurisdiction as the basis for the Court's subject matter jurisdiction. (Doc. 1 at ¶ 4).

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction. See *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have diversity jurisdiction if the amount

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, the diversity of citizenship prong is problematic.

Limited liability companies are citizens of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020 (11th Cir. 2004). Each member of the LLC must be diverse from the opposing party. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Linstol alleges that complete diversity exists between the parties because it is headquartered in Florida and Defendant is headquartered in Texas. From there, it says that "[n]o members of Plaintiff are citizens of the state of Texas," and "[n]o members of Defendants are citizens of the state of Florida." (Doc. 1 at ¶¶ 1-2). Simply asserting that there are no members who are citizens of one state is insufficient. Each member of an LLC and their citizenship must be disclosed to confirm that the parties are diverse. Because the Complaint lacks such allegations, Linstol has not adequately pled diversity of citizenship. The Court thus dismisses the Complaint without prejudice.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Plaintiff Linstol USA, LLC, may file an amended complaint on or before **October 22, 2018.** Failure to timely to do so will result in the Court closing this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of October 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record