UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINSTOL USA, LLC, a Florida
limited liability company

      Plaintiff,

v.                                     Case No: 2:18-cv-669-FtM-38CM

MIDWAY ADVANCED
PRODUCTS, LLC,

      Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default filed on November 26, 2018. Doc. 16. Plaintiff moves, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for entry of a Clerk's Default against Defendant Midway Advanced Products, LLC. *Id.* at 1. For the reasons stated below, the motion is granted.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to a corporation, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). Here, the Return of Service attached to the motion states that on October 30, 2018, a process server for OJF Services, Inc. served a true copy of the Summons and Amended Complaint on Defendant by serving its registered agent, Lesley J. Mann, at 800 Town and Country Boulevard, Houston, Texas. Doc. 16-1 at 1. Service of process was therefore properly effected under Rule 4(h) of the Federal Rules of Civil Procedure and § 48.081(3)(a) of the Florida Statutes.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons

and complaint. Defendant has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Clerk's Default (Doc. 16) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Midway Advanced Products, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record