UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINSTOL USA, LLC, a Florida limited
liability company

        Plaintiff,

v.                                   Case No:  2:18-cv-669-FtM-38UAM

MIDWAY ADVANCED PRODUCTS,
LLC,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Linstol USA, LLC's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law filed on December 28, 2018. (Doc. 20). Defendant Midway Advanced Products, LLC has not responded, and the time to do so has expired. For the following reasons, Linstol's motion is denied.

This is an action for breach of contract and warranty and fraudulent concealment under Florida law. (Doc. 8). Plaintiffs filed this action on October 10, 2018 (Doc. 1) and subsequently filed an Amended Complaint on October 22, 2018, citing diversity jurisdiction. (Doc. 8). On October 30, 2018, Linstol served Midway with the Summons and Amended Complaint. (Docs. 10; 12). Midway failed to answer or otherwise defend against the Amended Complaint so Linstol moved for a clerk's default against it. (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

16). The Court granted the motion (Doc. 18), and the Clerk issued an Entry of Default. (Doc. 19). Now, Linstol seeks a default judgment against Midway. (Doc. 20). The Court, however, is not satisfied that diversity jurisdiction exists over this action.

Because federal courts are courts of limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The diversity of citizenship prong is problematic here.

A limited liability company ("LLC"), like Midway, is a citizen of every state in which one of its members is located. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020, 1023 (11th Cir. 2004). Each member of the LLC must be diverse from the opposing party. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, Plaintiff ambiguously alleges two Midway members exist. First, Linstol asserts Carla Curtis, a citizen of Texas, is a member of Midway. (Doc. 8 at ¶¶ 6-7). Second, Linstol states Midway Interests, Inc. *may* also be a member. (*Id.* at ¶¶ 6, 8-9). In order to plead diversity, Linstol submits "no member of Midway is a citizen of Florida or a country other than the United States." (*Id.* at ¶ 9). Plaintiff argues this type of negative pleading is sufficient under *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) because it has conducted a reasonable investigation into Midway's members and is

unable to determine whether other members exist. (*Id.*). Regardless, the Court finds that, under binding precedent, Linstol must "distinctly and affirmatively" allege citizenship. *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) (citations omitted).[2] Thus, Linstol's negative pleading of citizenship is inadequate to establish this Court's subject matter jurisdiction. See *Kozel v. Kozel*, No. 8:16-CV-1384-T-36TGW, 2016 WL 4163562, at *7 (M.D. Fla. Aug. 4, 2016) (citations omitted); *see also Armstrong v. Starwood Hotels & Resorts Worldwide, Inc*, No. 6:16-CV-2028-ORL-28DCI, 2017 WL 1501385, at *3 (M.D. Fla. Apr. 26, 2017) (stating "negative allegations of citizenship are not sufficient to establish diversity").

Because Midway's citizenship is unclear, the Court is unable to determine whether subject matter jurisdiction exists over this action. The Court will therefore deny the motion and allow Plaintiff an opportunity to cure its defective allegations.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Linstol USA, LLC's Motion for Entry of Default Final Judgment (Doc. 20) is **DENIED**.

2. Plaintiff is **DIRECTED** to inform the Court on or before **March 11, 2019**, as to how it would like to proceed. Failure to do so will result in the Court **dismissing** this case without further notice.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of March 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record