UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINSTOL USA, LLC, a Florida
limited liability company,

    Plaintiff,

v.                              Case No:   2:18-cv-669-FtM-38NPM

MIDWAY ADVANCED PRODUCTS,
LLC, a foreign limited liability
company,

    Defendant.

## ORDER

This matter is before the Court on the Motion to Dismiss Writ of Garnishment for Lack of Jurisdiction, filed on December 16, 2019. (Doc. 48). Plaintiff Linstol USA, LLC served Garnishee Zions Bancorporation, N.A. d/b/a Amegy Bank with a Writ of Garnishment on November 26, 2019. (*Id.*, p. 1). Zions seeks to have the Writ dismissed. (*Id.*).

The Court granted Plaintiff until January 13, 2020 to respond to the motion. (Doc. 50). As no response has been filed to date, the Court deems the Motion unopposed.

Turning to the merits, Plaintiff obtained a default judgment against Defendant Midway Advanced Products, LLC in the amount of $743,275.50. (Docs. 40, 41). The Court granted Plaintiff's motion for a writ of garnishment directed at Amegy Bank (a division of Zions). (Doc. 43). The Clerk of Court issued the writ of garnishment on November 22, 2019. Zions now moves to dismiss the writ of garnishment, arguing that the Court lacks jurisdiction over it and over the judgment debtor's deposit account. (Doc. 48, p. 1).

Zions asserts that it is a national bank with both its headquarters and principal place of business in Salt Lake City, Utah. (*Id.*, p. 4). Amegy Bank is a division of Zions and its branches are located within the State of Texas. (Doc. 48-1). Zions provides banking services in Texas through its Amegy Bank brand. (*Id.*). Zions claims that it has no banking operations in the state of Florida and does not operate branches or maintain deposit accounts in Florida. (*Id.*).

The Court finds that based on the undisputed facts in this case, it lacks subject matter jurisdiction to garnish any funds held by a bank located outside the State of Florida. *See Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337, 1339 (M.D. Fla. 2015). All the funds at issue are located in the State of Texas, which is beyond the reach of a Florida writ of garnishment. *Id.*; (Doc. 48-1). A garnishment proceeding is frequently classified as a *quasi in rem* proceeding because of its dual nature in that a presiding court must have personal jurisdiction over the garnishee and also over the property or "res" that is the subject matter of the garnishment. *Stansell*, 149 F. Supp. 3d at 1339. This Court has personal jurisdiction over neither Zions nor Amegy as they are both located outside the State of Florida. *Id.* Nor does the Court have jurisdiction over the *res* as it too is located outside the State of Florida. *Id.*

The Court recognizes that in some instances, personal jurisdiction may be waived. *Id.*, 1339-40. That said, "[w]hile personal jurisdiction may be waived, '*in rem* jurisdiction is a very special type of necessary judicial subject matter jurisdiction' under Florida law— one that cannot be waived". *Id.* There is also nothing in the language of the Florida garnishment statutes that suggests they were intended to have extraterritorial application. *Id.* at 1340. Garnishment statutes must be strictly interpreted and "[i]nterpreting a

garnishment statute to apply to bank accounts located outside the state despite the absence of any explicit statutory language to that effect would violate this principle of strict construction." *Id.*

For these reasons, the Court finds that based on the undisputed facts in this case, it lacks personal jurisdiction over Zions or over the *res* at issue here. The Court will therefore dissolve and dismiss the Writ of Garnishment issued to Zions.

Accordingly, it is hereby **ORDERED**:

(1) The Motion to Dismiss Writ of Garnishment for Lack of Jurisdiction (Doc. 48) is **GRANTED**.

(2) The Writ of Garnishment (Doc. 44) is **DISMISSED AND DISSOLVED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 15, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties